## (February 9, 1976)

■ In the Matter of MARVIN A. NEWMAN, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.—Respondent was admitted to the Bar in March, 1959 by the Appellate Division, Second Judicial Department. Petitioner moves to confirm the report of the referee which sustained charges of professional misconduct consisting of neglect of an estate for which he was attorney, commingling and conversion of estate funds, disregarding inquiries concerning the estate, failure to co-operate in petitioner's investigation of the matter and to comply fully with a subpoena duces tecum, and failure to commence a personal injury action and to

respond to inquiries concerning the matter. The motion to confirm the referee's report is granted. In mitigation, it appears that the estate moneys were repaid to the estate with interest by respondent and that the estate was judicially settled prior to the institution of this proceeding. It also appears that the personal injury action, due to infancy, survives. The referee found that respondent is contrite and has made an effort to cure his misconduct; that he has been active civilly and charitably in his community and that he has never been the subject of a disciplinary proceeding on any prior occasion during his 16 years of practice. We are further advised that his peers at the Bar of Sullivan County consider him to be an attorney of very high ability and very high professional integrity. We consider respondent's conduct to be somewhat of an aberration and find it should be treated accordingly. Although we cannot condone respondent's misconduct, upon consideration of the mitigating circumstances, and the fact that we are persuaded that the protection of the public, of which we must be ever mindful, will not be jeopardized in the future by respondent, we have determined that the ends of justice will be adequately served by a censure. Respondent censured. Herlihy, P. J., Sweeney, Kane, Main. and Larkin, JJ., concur. [:DASH]